UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 17-CR-20452-UNGARO

**UNITED STATES OF AMERICA**

v.

**HECTOR J. GARCIA,**

        **Defendant.**

_____/

## UNITED STATES' FIRST RESPONSE TO THE STANDING DISCOVERY ORDER

On July 27, 2017, United States Magistrate Judge John J. O'Sullivan arraigned Defendant Hector J. Garcia ("Garcia" or the "Defendant") and entered a paperless Standing Discovery Order (D.E. 34) as to the Defendant. The United States hereby files this First Response to the Standing Discovery Order, which complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

| | |
|---|---|
| Rule 88.10(a) | To the extent they exist, the United States is currently producing reports of law enforcement agents memorializing known oral statements made by the Defendant, before or after arrest, in response to interrogation by a person the Defendant knew was a government agent. |
| | To the extent they exist, the United Sates is currently producing all known written and recorded statements made by the Defendant, before or after arrest, in response to interrogation by a person the Defendant knew was a government agent. |
| | The United States is currently producing all known written and recorded statements made by the Defendant in connection with this matter. |
| | The Defendant has not testified before a grand jury in connection with the charged offenses. |

1

The United States is currently producing a copy of the Defendant's criminal history to the Defendant.

The United States is producing, in electronic format, certain books, papers, documents, data, photographs, tangible objects, or copies or portions thereof that are material to the preparation of the Defendant's defense, or which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from, or belong to, the Defendant.

With respect to all other books, papers, documents, data, photographs, tangible objects, or copies or portions thereof, which are material to the preparation of the Defendant's defense, or which the United States intends to use as evidence at trial to prove its case in chief, or which were obtained from or belong to the Defendant, these materials will be made available for inspection by the government. Specifically, they can be inspected at a facility operated by the United States Attorney's Office for the Southern District of Florida in Miramar, Florida. Please contact FBI Special Agent Bryan Hughes to arrange a date and time for review that is convenient for both parties; his contact information is available upon request.

Please be aware that these records and documents (including but not limited to Medicare data, patient files, and bank and financial records) contain confidential information concerning individuals who are not parties to the above-referenced case, including what purports to be social security numbers, and individually identifiable health, medical and financial information. <u>Accordingly, prior to sending and making such material available, the United States will require defense counsel to execute and return to the United States a confidentiality agreement, which has already been provided to defense counsel for his signature.</u>

Upon execution and return of the confidentiality agreement, the government will make the above-referenced materials available for inspection or will provide materials to the Defendant in electronic format, as set forth above.

The documents made available pursuant to this discovery response are not necessarily copies of all the books, papers, documents, etc. that the United States may introduce at trial.

There were no physical or mental examinations nor scientific tests or experiments made in connection with this case.

| | |
|---|---|
| Rule 88.10(b) | **DEMAND FOR RECIPROCAL DISCOVERY:** The United States requests that the Defendant comply with the obligations that arise under |

|  |  |
|---|---|
|  | Fed. Crim. P. 16(b)(1)(A), 16(b)(1)(B), and Local Rule 88.10(b) and herby requests reciprocal discovery under these rules. |
| Rule 88.10(c) | The United States will disclose any information or material which may be favorable to the Defendant on the issues of guilt or punishment within the scope of *Brady v. Maryland*, 373 U.S. 83 (1963), and *United States v. Agurs*, 427 U.S. 97 (1976). |
| Rule 88.10(d) | The United States shall disclose to the defense the existence and substance of any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of *Giglio v. United States*, 406 U.S. 150 (1972) and *Napue v. Illinois*, 360 U.S. 264 (1959). |
| Rule 88.10(e) | The United States shall disclose any prior convictions of any alleged informant who will testify for the United States at trial. |
| Rule 88.10(f) | The United States will make available to the defense for inspection at a mutually convenient time at the facilities identified above any photo array or similar identification proceeding in connection with the charged offenses. |
| Rule 88.10(g) | The United States has advised its agents and officers involved in this case to preserve all rough notes. |
| Rule 88.10(h) | The United States shall timely advise the defense of its intention, if any, to introduce extrinsic act evidence pursuant to Federal Rule of Evidence 404(b).  The defense is hereby on notice that all evidence produced and/or made available for inspection or statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under Federal Rules of Evidence 404(b) or otherwise (including the inextricably-intertwined doctrine). |
| Rule 88.10(i) | The Defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance. |
| Rule 88.10(j) | The United States has, or is in the process of having, transcribed the grand jury testimony of all witnesses who will testify for the United States at trial. |
| Rule 88.10(k) | No contraband of the type described in Paragraph K of Local Rule 88.10 is involved in this case. |
| Rule 88.10(l) | The United States does not know of any automobile, vessel, or aircraft allegedly utilized in the commission of the offenses charged that is in the United States' possession. |

| | |
|---|---|
| Rule 88.10(m) | The United States is unaware of any latent fingerprints or palm prints which have been identified by a United States expert as those of the Defendant. |
| Rule 88.10(n) | The United States shall make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. |
| Rule 88.10(o) | The United States will comport with the schedule of discovery as outlined in Paragraph O of Local Rule 88.10. |

The United States is aware of its continuing duty to disclose newly discovered additional information, consistent with the requirements of the Standing Discovery Order, Federal Rule of Criminal Procedure 16(c), *Brady, Giglio, Napue*, and its obligation to ensure a fair trial.

To date, the United States has not received a request from the defense under Rule 16(a)(1)(G) for disclosure of the identity, qualifications, and summary of testimony for any expert witness that the United States intends to use during its case-in chief at trial. Nonetheless, the United States is hereby disclosing that it may offer the testimony of expert and/or lay witnesses who will provide technical testimony regarding the functioning of the Medicare Program, Medicare billing procedures and rules, Medicare auditing procedures and rules, Medicare cost reporting, and rules relating to overpayment of claims by Medicare. To the extent that testimony regarding the functioning of the Medicare Program constitutes expert testimony, the United States hereby provides notice that it may call a Medicare witness to testify regarding this subject matter.

**Demand for Reciprocal Discovery.** In addition to the above-listed demands for reciprocal discovery, the United States hereby requests reciprocal discovery under Federal Rule of Criminal Procedure 16(b)(1)(C). The United States requests disclosure of the identity and qualifications of the Defendant's expert witnesses. The United States further requests a written summary of

4

testimony the Defendant intends to use or offer at trial under Federal Rules of Evidence 702, 703, or 705.

In addition to the request made above by the United States pursuant to Section B of Local Rule 88.10 and Federal Rule of Criminal Procedure 16(b), in accordance with Federal Rule of Criminal Procedure 12.1, the United States hereby demands notice of alibi defense; the approximate time, date, and place of the offense is listed in the charging instrument.

**DATED:** July 27, 2017

                                        Respectfully submitted,

                                        BENJAMIN G. GREENBERG
                                        ACTING UNITED STATES ATTORNEY

                        By:     */s/ Yisel Valdes*
                                Yisel Valdes
                                Florida Special Bar No. A5502330
                                Trial Attorney
                                United States Department of Justice
                                Criminal Division, Fraud Section
                                1400 New York Ave., NW
                                Washington, DC 20005
                                Tel: (202) 330-1822
                                Email: Yisel.Valdes@usdoj.gov

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 27, 2017, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.

By: */s/ Yisel Valdes*
Yisel Valdes
DOJ Trial Attorney